IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PATRICK KELLEY**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-2384-L** |
| | § | |
| **KIMC INVESTMENTS, INC.** d/b/a | § | |
| Medvance Institute, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Rule 12(b)(6) and 12(b)(5) Motion to Dismiss Plaintiff's Amended Complaint, filed July 11, 2011. Plaintiff Patrick Kelley ("Plaintiff" or "Kelley") did not file a response to the motion. After careful consideration of the motion, the court **grants in part** and **denies in part** Defendant's Rule 12(b)(6) and 12(b)(5) Motion to Dismiss Plaintiff's Amended Complaint.

**I.     Background**

Kelley initially filed this action on November 22, 2010, against KIMC Investments, Inc., d/b/a Medvance Institute, Muriel Howard, and David Moore. He brought claims pursuant to Title VII of the Civil Rights Act, as amended, for race and sex discrimination, and for retaliation. He filed his Amended Complaint (the "Complaint") on April 28, 2011. In the Complaint, he sued KIMC Investments-Grand Prairie, LLC, d/b/a Medvance Institute ("Defendant" or "Medvance"). He did not sue Muriel Howard or David Moore, and they are not parties to this litigation. Kelley sues "pursuant to Title VII of the Civil Rights Act of 1964, *et seq*.[,] for race discrimination and for retaliatory discharge in violation of § 31 U.S.C.A. 3730(h) for having complained of race

**Memorandum Opinion and Order - Page 1**

discrimination." Amended Compl. ¶ 1.* Kelley also brings claims under state law for intentional infliction of emotional distress and false light.

## II. Standards

### A. Rule 12(b)(6) Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

---

*The court does not understand why Plaintiff alleges a claim under 31 U.S.C.A. § 3730 (h), the federal False Claims Act, as he sets forth no allegations under this statute. The court believes this reference was included by mistake. In any event, he fails to state a claim under this statute, and the court will dismiss any purported claim thereunder, unless Plaintiff deletes the claim or sets forth sufficient allegations to plead a cause of action.

**Memorandum Opinion and Order - Page 2**

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### B. Rule 8(a) - Pleading Requirements

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 only requires "notice" pleading. Accordingly, it is not necessary that the pleader set forth each and every element or factual allegation of a claim. The "short and plain statement," however, must contain sufficient allegations of fact "that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168 (1993).

### III. Discussion

The court first analyzes Plaintiff's federal claims for race and sex discrimination, and retaliation. The court then discusses Plaintiff's state law claims of intentional infliction of emotional distress and false light.

### A. Federal Claims

With respect to his federal claims, the court includes the following language from the Complaint that is applicable to them:

**Nature of the Action**

> 1. This is an action brought pursuant to Title VII of Civil Rights Act of 1964, *et seq.* for race discrimination and for retaliatory discharge in violation of § 31 USCA 3730 (h) for having complained of race discrimination.

**Parties, Jurisdiction and Venue**

> 2. Patrick Kelley, Plaintiff, is an African American, male citizen of the United States and the State of Texas, a resident of Dallas, Texas[,] and at all times material to this action was an employee of Defendant in Dallas, Texas, of KIMC Investments, Inc. d/b/a Medvance Institute.

. . . .

**Procedural Prerequisites**

8. On August 20, 2010, Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC").

9. More than sixty days have elapsed since Plaintiff filed his charge with the EEOC.

10. Plaintiff received a right[-]to[-]sue letter dated August 20, 2010[,] and fewer than ninety days had elapsed when Plaintiff filed his initial complaint.

**Factual Background**

11. Plaintiff worked May 4, 2009 to March 4, 2010, as a part-time instructor for KIMC Investments.

12. Plaintiff was hired over the phone by Rael Hernandez, the initial Director of Education, and began working shortly thereafter.

13. Approximately, a month later Rael Hernandez instructed Plaintiff to complete an application for work.

14. During the discussion Plaintiff advised Rael Hernandez that he did not have a college degree but that he did have the experience necessary and over 100 college credit hours.

15. Rael Hernandez instructed [P]laintiff to respond in the affirmative to the question regarding Plaintiff's bachelor degree since he was so close to finishing the degree and Plaintiff did as instructed.

16. When the new Director of Education, Lucinda Santiago, started in December of 2009, she reviewed all the files and questioned [P]laintiff about his education.

17. Plaintiff informed Ms. Santiago of the former director's instructions regarding his employment application, and Ms. Santiago directed Plaintiff to get a copy of his transcript and resume to prove that he met the qualifications for the job without a degree.

18. Plaintiff provided the employer with the correct information in his new application and assumed Ms. Santiago would destroy the former application.

19. On or about January 29, 2010, Ms. Shandra Renee Hunt, a student at Medvance Institute, received a text message from Muriel Howard, the Program Chair, reading, "call me."

20. Ms. Hunt called Ms. Howard, and Ms. Howard informed Ms. Hunt that she was filing a suit against KIMC for racial discrimination so that she can receive severance pay from the school.

21. Being that both Ms. Howard and Plaintiff were the only African American employees in their department[,] Ms. Howard was concerned that she would not have a valid race discrimination claim if Plaintiff reported treatment contrary to the treatment she intended to report to succeed in her race discrimination claim.

22. In an effort to prevent Plaintiff from interfering with her potential discrimination suit[,] Ms. Howard propositioned Ms. Hunt to file a sexual harassment claim with the Texas Workforce Commission against Plaintiff.

23. Ms. Hunt contacted Ms. Howard and declined to participate in her malicious effects [sic].

24. On February 2, 2010, Ms. Hunt informed Plaintiff, in the presence of Vonda Walker, about Ms. Howard's request for Ms. Hunt to file a sexual harassment claim against Plaintiff.

25. Ms. Walker advised Ms. Hunt to put her encounter with Ms. Howard in writing.

26. Plaintiff complained to the president, David Moore, regarding Ms. Howard's conspiracy to accuse Plaintiff of false sexual harassment allegations in an attempt to cause damage to his employment.

27. Mr. Moore informed Plaintiff that the situation would be handled immediately.

28. After the conspiracy was brought to light, Ms. Howard resigned.

29.     Shortly thereafter, in an effort by Mr. Moore to avoid a discrimination lawsuit against the school, he retaliated against Plaintiff by terminating his employment.

30.     After receiving the best evaluation possible for the month of February. Plaintiff was advised that he was being discharged due to an audit that showed he falsified his work application by stating he had a bachelor's degree.

31.     Shortly after finding employment at another company. Medvance students informed Plaintiff that Defendant's employees routinely informed students that Plaintiff was terminated for sexual harassment, thereby resulting in damage to Plaintiff's reputation.

### Count I: Race Discrimination

32.     Plaintiff realleges and incorporated in this Count I paragraphs 1-31.

33.     Plaintiff's race and sex were determining factors in Defendant's decision to terminate Plaintiff.

34.     Defendant knowingly and willfully discriminated against Plaintiff on the basis of his race and sex in violation of the Title VII of Civil Rights Act of 1964.

### Count II: Retaliation

35.     Plaintiff realleges and incorporates in this Count II paragraphs 1-31.

36.     In February 2010, Plaintiff complained to Defendant of discrimination and actions taken by his supervisor to terminate his employment.

37.     Shortly after his complaint to David Moore, Plaintiff was fired.

38.     Defendant's termination of Plaintiff's employment was in retaliation for Plaintiff's complaint of race and sex discrimination.

**Memorandum Opinion and Order - Page 7**

Amended Compl. ¶¶ 1, 2, 8-38. Medvance contends that Plaintiff fails to set forth sufficient allegations to state a claim upon which relief can be granted because the allegations related to the federal claims are conclusory and speculative.

### 1.     Race Discrimination Claim

To adequately state a claim of race discrimination, a plaintiff must allege facts to show, or facts from which the court can reasonably infer, that:

> (1) he is a member of a protected class, (2) he was qualified for the position at issue, (3) he was the subject of an adverse employment action, and (4) he was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances.

*Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009) (footnote omitted). The fourth prong may also be met if a plaintiff shows that he was replaced by a person who is not a member of the protected class. *Frank v. Xerox Corp.*, 347 F.3d 130, 137 (5th Cir. 2003). While it is not necessary for "an employment discrimination plaintiff [to] plead a *prima facie* case of discrimination," *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 515 (2002), he must plead sufficient factual content that permits the court to infer reasonably that a defendant is liable for the allegedly discriminatory conduct made the basis of the lawsuit. With respect to his race discrimination claim, the court knows that Plaintiff is an African-American male and that he suffered an adverse employment action. The court cannot reasonably infer from the allegations of the Complaint that Plaintiff was qualified for the position for which he was hired and that he was treated less favorably because of his race, or that he was replaced by a person who is not African American. The allegations regarding Plaintiff's claim of race discrimination are conclusory and speculative, and do

not put Medvance on fair notice of the grounds upon which his race discrimination claim rests. Plaintiff will have to replead this claim.

### 2. Sex Discrimination Claim

To state adequately a claim of sex discrimination, a plaintiff must allege facts to show, or facts from which the court can reasonably infer, that: "(1) [he] is a member of a protected class; (2) [he] was qualified for the position she sought; (3) [he] suffered an adverse employment action; and (4) others similarly situated but outside the protected class were treated more favorably." *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007) (citations omitted). Plaintiff may also satisfy the fourth element by showing that he was replaced by someone outside the protected group. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (footnote omitted). Plaintiff's allegations regarding sex discrimination are even less revealing than those made regarding race discrimination.

The court gives Plaintiff the benefit of the doubt, as his Complaint lacks clarity regarding the sex discrimination claim. On the one hand, the first paragraph of the Complaint only references race discrimination and retaliation, and in his Counts of the Complaint, he does not list a separate claim for sex discrimination as he does for race discrimination. On the other hand, within "Count I: Race Discrimination" of the Complaint, Plaintiff contends that "sex" and "race" were determining factors for his termination. Further, the Complaint refers to "sex discrimination" within Plaintiff's claim of retaliation. Viewing the matter in a light most favorable to Plaintiff, the court assumes that Plaintiff intends to assert a claim for sex discrimination. In any event, the allegations regarding the claim are insufficient. With respect to this claim, the court is only certain that Plaintiff is a black male. The Complaint, except for Plaintiff's gender, is purely conclusory and devoid of any factual bases to support a claim for sex discrimination. Based on the paucity of the allegations regarding

a claim of sex discrimination, the court simply cannot reasonably infer that Medvance is liable for the alleged sex discrimination. Moreover, the conclusory and speculative allegations regarding sex discrimination do not put Medvance on notice as to the grounds upon which the claim rests.

### 3. Retaliation

It is "an unlawful employment practice for an employer to discriminate against any of [its] employees . . . because [the employee] has opposed any practice made an unlawful employment practice" under Title VII, or "because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a); *see also Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 269 (2001). Whether the employee opposes an unlawful practice or participates in a proceeding against the employer's activity, the employee must hold a reasonable belief that the conduct he opposed violated Title VII. *Long v. Eastfield Coll.*, 88 F.3d 300, 305 (5th Cir. 1996).

To state a claim of retaliation to withstand a 12(b)(6) motion, a plaintiff must state factual allegations, or those from which one could reasonably infer, that: (1) he engaged in a protected activity; (2) he experienced an adverse employment action following the protected activity; and (3) a causal link existed between the protected activity and the adverse employment action. *McCoy*, 492 F.3d at 556-57 (footnote and citation omitted); *Montemayor v. City of San Antonio*, 276 F.3d 687, 692 (5th Cir. 2001)*; Mota v. University of Texas Houston Health Sci. Ctr.*, 261 F.3d 512, 519 (5th Cir. 2001).

Plaintiff has set forth sufficient facts that he opposed practices that allegedly were discriminatory and unlawful; that he was terminated; and that temporal proximity existed between the allegedly protected activity and his termination, which is sufficient to raise the issue of a causal

**Memorandum Opinion and Order - Page 10**

connection at the pleadings stage. At this stage, the court only tests the sufficiency of the pleadings; it does not address sufficiency of proof as it would under a summary judgment motion. If Plaintiff is able to prove these allegations, Defendant could be liable to him. Accordingly, Plaintiff has stated a claim upon which relief can be granted regarding his retaliation claim.

      **B.**    **State Claims**

           **1.**    **Intentional Infliction of Emotional Distress**

Medvance contends that Plaintiff's intentional infliction of emotional distress claim is a "gap-filler" tort under Texas law and should be dismissed in light of the claims asserted by Plaintiff. The court agrees.

The claim of intentional infliction of emotional distress is a gap-filler tort, and it may not be maintained as a separate claim unless "the victim has no other recognized theory of redress." *Hoffmann-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004) (citing *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 68 (Tex. 1998)). If a plaintiff files claims for intentional infliction of emotional distress and some type of discrimination, and "the gravamen of the plaintiff's complaint is for [the discriminatory conduct], the plaintiff must proceed solely under a statutory claim unless there are additional facts, unrelated to [the discrimination claim], to support an independent tort claim for intentional infliction of emotional distress." *Zeltwanger*, 144 S.W.3d at 441.

A reading of the relevant portions of the Complaint reveals clearly that Plaintiff's claim for intentional infliction of emotional distress is based entirely or essentially on the same facts that serve as the bases for the race and sex discrimination claims. The court finds no allegations of fact in the Complaint separate and apart from those alleging race and sex discrimination that would provide

**Memorandum Opinion and Order - Page 11**

an independent ground for a claim for intentional infliction of emotional distress. "Federal courts exercising supplemental jurisdiction over [intentional infliction of emotional distress] claims while entertaining a discrimination claim under one of the federal statutes . . . have dismissed the [intentional infliction of emotional distress] claim under [*Zeltwanger*]." *Williamson v. American Nat'l Ins. Co.*, 695 F. Supp. 2d 431, 457 (S.D. Tex. 2010) (citing cases). Accordingly, Plaintiff cannot maintain his intentional infliction of emotional distress claim. Moreover, a claim for intentional infliction of emotional distress cannot be maintained when the facts on which a person bases his claim fall within the realm of an "ordinary employment dispute." *Ramsey v. Allright Parking El Paso, Inc.*, 970 F.2d 1372, 1376 (5th Cir. 1992) (employee required to show conduct that "elevates [employer's] actions above those involved in an 'ordinary employment dispute'"). In other words, under Texas law, an action for intentional infliction of emotional distress lies only when the conduct "brings the dispute outside the scope of an ordinary employment dispute and into the realm of extreme and outrageous conduct." *GTE Southwest, Inc. v. Bruce*, 998 S.W.2d 605, 613 (Tex. 1999) (citation omitted). A plain reading of the Complaint establishes that the conduct for which Plaintiff sues arose out of a typical or ordinary employment dispute. No allegations exist from which the court can reasonably infer that Medvance's conduct can be described as extreme and outrageous.

### 2. False Light

Medvance contends that Plaintiff's claim for false light is not recognized as a valid claim under Texas law and therefore should be dismissed. The court agrees.

The allegations regarding Plaintiff's claim for false light are:

> 40. By intentionally and recklessly disseminating or allowing to be disseminated allegations about [P]laintiff to individuals with no

> reason to know of such statements, and with the knowledge that the statements untruthfully suggested that Plaintiff has engaged in acts constituting sexual harassment, or that [P]laintiff is not an honest and truthful person, [D]efendant [tortiously] placed Plaintiff in a false light, for which they are liable under Texas law, and Plaintiff has no means for relief for such damages under federal law.

Amended Compl. ¶ 40. Texas law does not recognize the tort of false light. *Cain v. Hearst Corp.*, 878 S.W.2d 577, 578 (Tex. 1994). As false light is not a tort recognized under Texas law, Plaintiff fails to state a claim upon which relief can be granted, and his claim of false light must be dismissed.

### C.   Improper Service and Failure to Follow Court Order

Medvance contends that this action should be dismissed without prejudice because service was not effected in accordance with Rule 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure. While Defendant is technically correct, it has now been served, and the matter is moot. Requiring Plaintiff to go back and serve Medvance "by the book" would exalt from over substance, unnecessarily delay resolution of this action, and result in additional costs for Plaintiff. Further, Medvance suffers no legal harm by Plaintiff's tardiness or failure to comply with one of the court's earlier orders. For these reasons, the court will deny this part of Plaintiff's motion.

## IV.   Conclusion

For the reasons herein, stated, the court **grants in part** and **denies in part** Defendant's Rule 12(b)(6) and 12(b)(5) Motion to Dismiss Plaintiff's Amended Complaint. The court **grants** the motion to the extent that Plaintiff's state law claims of intentional infliction of emotional distress and false light are not viable claims, and the court **dismisses** them **with prejudice**. The court determines that attempts to replead these two claims would be futile because, as a matter of law, Plaintiff cannot replead them in such a way to state a claim upon which relief can be granted. Although Plaintiff fails to state a claim upon which relief can be granted regarding his race and sex

discrimination claims, the court believes that he should be allowed an opportunity to amend his pleadings, as these claims are factually deficient rather than legally deficient. Plaintiff **shall file** an **amended pleading** regarding his race and sex discrimination claims by **March 13, 2012**, and he shall do so in accordance with the standards herein enumerated, taking into account the deficiencies pointed out by the court. Further, Plaintiff shall, in his amended pleading, delete all references to 31 U.S.C. § 3730(b) or set forth sufficient factual allegations to support a claim under this statute. *Failure of Plaintiff to replead as directed subjects these claims to dismissal for failure to state a claim upon which relief can be granted or for failure to comply with a court order pursuant to Rule 12(b)(6) or Rule 41(b) of the Federal Rules of Civil Procedure.* The court **denies** the motion to dismiss with respect to Plaintiff's retaliation claim and Plaintiff's failure to effect service properly on Medvance.

   **It is so ordered** this 28th day of February, 2012.

                                                     Sam A. Lindsay
                                                     United States District Judge

**Memorandum Opinion and Order - Page 14**